UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS MEZA,<br>  Plaintiff,<br><br>  v.<br><br>MERRITT RIVER PARTNERS LLC, et al.,<br>  Defendants. | No. 3:16-cv-1871 (SRU) |

## RULING ON MOTIONS TO AMEND

This action arises out of injuries that Luis Meza allegedly sustained from an incident involving a crane while working on a construction project in Norwalk, Connecticut ("the One Glover Project") on March 10, 2015.  *See* Second Am. Compl., Doc. No. 62.  Currently pending before the court is A-Quick Pick Crane and Rigging Service's ("A-Quick Pick's") motion to amend the third-party complaint and A-Quick Pick's motion to amend the cross claims.  *See* Doc. Nos. 180, 181.  For the reasons that follow, the motions are **granted** in substantial part and **denied** in part.

**I. Background**

Meza filed the original complaint on November 15, 2016.  Compl., Doc. No. 1.  On May 15, 2017, he filed a second amended complaint—the operative complaint—against Merritt River Partners, BLT Management, A-Quick Pick, National Lumber Company, and Patriot Carpentry ("Patriot").  Doc. No. 62.  The second amended complaint asserts negligence, negligent supervision, and negligent failure to warn.  *See id.*

On December 29, 2017, A-Quick Pick answered the complaint and simultaneously filed the following cross claims against Patriot:  (1) breach of a September 10, 2014 lease agreement,

whereby US Framing Holdings, Inc., US Framing International, LLC, US Framing, Inc. (collectively, "US Framing") leased a crane from A-Quick Pick for the One Glover Project;[1] (2) breach of a March 9, 2015 short term crane agreement, whereby US Framing leased a crane from A-Quick Pick for the One Glover Project;[2] (3) common law indemnification; and (4) violation of Connecticut Unfair Trade Practices.  Ans., Doc. No. 108, at 27–35.  The cross claims are premised, in large part, on the alleged breach of Patriot's obligations to obtain insurance and to defend and indemnify A-Quick Pick in this action.

On January 9, 2018, A-Quick Pick filed the operative third-party complaint against US Framing.  Am. Compl., Doc. No. 113.  The complaint asserts claims for:  (1) breach of the September 10, 2014 lease agreement; (2) breach of the March 9, 2015 short term crane agreement; and (3) common law indemnification.

On April 27, 2020, while discovery was ongoing, A-Quick Pick filed the instant motion to amend the third-party complaint "to conform the pleadings to the evidence obtained in discovery."  Mot. for Leave, Doc. No. 180, at 1.  It seeks to add four new causes of action:  (1) breach of an implied contract; (2) quantum meruit; (3) unjust enrichment; and (4) recklessness.  Doc. No. 180, at Counts II–V.  Each of the new causes of action rest on US Framing's alleged failure to defend and indemnify A-Quick Pick in this case.  The proposed amended third-party complaint also deletes the breach of contract claim based on the March 9, 2015 short term crane agreement.

A-Quick Pick argues that its motion to amend should be granted because it learned a number of facts during discovery that principally revealed:  (1) that Patriot is US Framing's alter

---

[1] The complaint alleges that US Framing assigned the lease agreement to Patriot.  *Id*. at ¶ 19.  It further alleges that Patriot is the alter ego of US Framing.  *Id*. at ¶ 22.

[2] The complaint alleges that US Framing assigned the short term crane agreement to Patriot.  *Id*. at ¶ 26.

2

ego; (2) that the September 10, 2014 lease agreement was the relevant agreement; and (3) that an implied contract between A-Quick Pick and US Framing was formed.  Doc. No. 180, at 2–5; Doc. No. 184, at 5–6.  It asserts that the proposed complaint "plead[s] the correct Agreement [the September 10, 2014 lease agreement], and the correct language within the Agreement, to establish US Framing's duty to defend and indemnify A-Quick Pick, along with the means by which US Framing took on that duty."  Doc. No. 180, at 4.  A-Quick Pick additionally argues that the proposed third-party complaint "correctly pleads the relationship between US Framing and Patriot Carpentry, LLC, establishing that Patriot Carpentry is the alter ego of US Framing, and thereby pleads the facts that trigger US Framing's duty to defend and indemnify A-Quick Pick."  *Id*.  Further, "[i]t correctly pleads A-Quick Pick's role in erecting the Tower Crane at the Project and its possession of the relevant Certificate of Liability Insurance."  *Id*.

On April 27, 2020, A-Quick Pick also moved for leave to amend its cross claims against Patriot, largely for the same reasons, that is, "to conform the cross-claims to the evidence revealed in discovery."  Doc. No. 181, at 4.  It seeks to add four new causes of action as cross claims—(1) breach of implied contract, (2) quantum meruit, (3) unjust enrichment, and (4) recklessness—each of which is similarly premised on US Framing's and/or Patriot's failure to defend and indemnify A-Quick Pick in the instant action.  *See* Ex. 1 to Mot. to Amend, Doc. No. 181.  A-Quick Pick additionally seeks to remove the breach of contract cross claim based on the March 9, 2015 short term crane agreement.

US Framing opposed the motion to amend the third-party complaint (doc. no. 182), and Patriot opposed the motion to amend the cross claims (doc. no. 183).  Discovery concluded on August 10, 2020.  *See* Doc. No. 191 (noting that depositions were ongoing through August 10, 2020).

3

**II.      Discussion**

Federal Rule of Civil Procedure Rule 15 provides, in relevant part, that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The objective of Rule 15 is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. AM. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal citations omitted). Courts consider the following five factors when deciding whether to grant a motion to amend: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Milford Fabricating Co. v. Amada Am., Inc.*, 2012 WL 3584455, at *2 (D. Conn. Aug. 20, 2012) (citing *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel,* 145 F.3d 85, 89 (2d Cir. 1998)). Because only the first, fourth, and fifth factors are disputed, I focus my analysis on those.

A.  <u>Undue Delay</u>

US Framing and Patriot first argue that the motion should be denied on the ground of undue delay. The proposed amendments, however, arise from information learned during discovery, which weighs in favor of granting A-Quick Pick leave to amend. *Am. Med. Ass'n v. United Healthcare Corp.,* 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (allowing amendment that was based "at least in part" on information acquired during discovery, two and a half years after the operative complaint was filed). US Framing and Patriot's argument that the information could not have been newly discovered because the information came from A-Quick Pick's own document production and testimony is without merit. Doc. No. 182, at 7–8; Doc. No. 183, at 7–8. If A-Quick Pick provided documents and testimony that revealed certain facts, it does not necessarily follow that it must have known those facts prior to such production.

4

Moreover, A-Quick Pick's argument that the facts needed to be corroborated first, which could only be done through depositions, has merit. Reply, Doc. No. 184, at 5–6.

US Framing and Patriot further argue that the allegations concerning their relationship "do not form the basis of A-Quick Pick's deletion of March 9, 2015 written contract claim or addition of its new implied contract claims." Doc. No. 182, at 8; Doc. No. 183, at 8. I am not persuaded; the alter-ego relationship between Patriot and US Framing is relevant to the proposed claims because it helps to clarify who is ultimately liable to A-Quick Pick.

US Framing and Patriot's argument that the allegations regarding their relationship are "largely based on testimony given by Thomas English, whose deposition concluded in March of 2019" is equally unavailing. Doc. No. 182, at 8; Doc. No. 183, at 8. A-Quick Pick counters that it needed to corroborate certain facts following English's deposition, such as "the understanding of how the allied parties, especially National Lumber, viewed the relationship between US Framing and Patriot Carpentry," before filing the motion to amend. *See* Doc. No. 184, at 6–7; Doc. No. 185, at 6–7. In any event, the proposed amendments are also based on the new allegations that an implied contract was formed and that the September 10, 2014 lease agreement was the operative agreement, as discussed, which warrant leave to amend on their own. *See Am. Med. Ass'n.*, 2006 WL 3833440, at *4. For those reasons, the argument that undue delay counsels against the amendments fails.

B. <u>Undue Prejudice</u>

US Framing and Patriot also argue that the motions should be denied on the ground of undue prejudice. In deciding whether prejudice exists, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the

resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan v. New York City Dep't of Corrections,* 214 F.3d 275, 284 (2d Cir. 2000) (internal citations omitted).

US Framing and Patriot argue that fact discovery would be expanded significantly if the amendments were allowed. With respect to the implied contract claim, they specifically contend that they would need to (a) serve A-Quick Pick with written discovery directed to the identities of the individuals whose discussions gave rise to the alleged oral agreement and the scope of the agreement, and (b) depose those fact witnesses. Doc. No. 182, at 10; Doc. No. 183, at 9. That additional discovery, however, does not appear to be "so burdensome as to be unduly prejudicial." *Artskills, Inc. v. Royal Consumer Prod., LLC*, 2018 WL 6304348, at *10 (D. Conn. Dec. 3, 2018) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.") (citing *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank and Tr. Co. of Chi*., 889 F.2d 1248, 1255 (2d Cir. 1989)).

The procedural posture of the case also weighs against a finding of undue prejudice. Although the original complaint was filed on November 14, 2016, discovery has only recently concluded and summary judgment motions have yet to be filed. *Cf. Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161 (S.D.N.Y. 2005) ("A proposed amendment is especially prejudicial when discovery has been completed and a summary judgment motion has been filed."). For those reasons, I conclude that US Framing and Patriot would not be unduly prejudiced by the amendments.

C. Futility

Lastly, US Framing and Patriot argue that the motion should be denied on the ground of futility. "In order to be considered futile, the complaint as amended would fail to withstand a

6

motion to dismiss for failure to state a claim." *Senich v. Am.-Republican, Inc.*, 215 F.R.D. 40, 41 (D. Conn. 2003). "While futility is a valid reason for denying a motion to amend . . . this is true only where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Id.* (internal citations omitted).

After a review of the new claims, I conclude that the breach of implied contract, quantum meruit, and unjust enrichment claims meet the plausibility standard, but that the recklessness claim does not. With respect to the breach of implied contract claim, A-Quick Pick alleges that "[a]s a condition of A-Quick Pick leasing the Tower Crane for use on the Project, US Framing represented that it would, and agreed to, defend and indemnify A-Quick Pick." Doc. No. 180, Count II, at ¶ 35; Doc. No. 181, Count II, at ¶ 45. By alleging that US Framing agreed to defend and indemnify A-Quick Pick, A-Quick Pick has pled a cognizable implied contract claim. *Biello v. Town of Watertown*, 109 Conn. App. 572, 581 (2008) ("An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and conduct of the parties.") (internal citation omitted).

With respect to the quantum meruit claim**,** A-Quick Pick alleges that Patriot/US Framing "impliedly promised to defend and indemnify A-Quick Pick as a condition" for using A-Quick Pick's crane on the One Glover Project, and that A-Quick Pick provided the crane for use on the project. *See* Doc. No. 181, Count III; Doc. No. 180, Count III. It further alleges that Patriot/US Framing failed to defend and indemnify A-Quick Pick, and that A-Quick Pick suffered damages as a result. *Id*. Those allegations sufficiently plead a quantum meruit claim because they allege that Patriot and US Framing were unjustly enriched. *United Coastal Indus., Inc. v. Clearheart Const. Co.,* 71 Conn. App. 506, 512 (2002) ("Quantum meruit is usually a remedy based on implied contract and usually relates to the benefit of work, labor or services received by the party

7

who was unjustly enriched . . . ."); *Geiger v. C&G of Groton, Inc.*, 424 F. Supp. 3d 276, 302 (D. Conn. 2019) ("[Q]uantum meruit arises out of the need to avoid unjust enrichment to a party, even in the absence of an actual agreement.").

With respect to the unjust enrichment claim, A-Quick Pick alleges that Patriot/US Framing "received a benefit from A-Quick Pick by virtue of its providing a Tower Crane for the Project," with the understanding that Patriot/US Framing would defend and indemnify A-Quick Pick, and that Patriot/US Framing failed to defend and indemnify A-Quick Pick to its detriment. Doc. No. 180, Count IV; Doc. No. 181, Count IV.  A-Quick Pick has thus pled the three elements of an unjust enforcement claim: "(1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment.'" *Lawrence v. Richman Grp. Capital Corp.,* 358 F. Supp. 2d 29, 42–43 (D. Conn. 2005), *on reconsideration*, 2005 WL 1949864 (D. Conn. Aug. 11, 2005) (citing *Gagne v. Vaccaro,* 255 Conn. 390 (2001)).

The recklessness claim, however, is futile.  US Framing and Patriot argue that the cause of action "amounts to a claim for a reckless breach of contract, which is not recognized under Connecticut law."  Doc. No. 182, at 11; Doc. No. 183, at 10–11.  Although the case law on the issue is scant, in *Bardon Tool & Mfg. Co. v. Torrington Co.,* the Connecticut Superior Court held that Connecticut does not recognize a cause of action for reckless breach of contract.  1996 WL 677254, at *2 (Conn. Super. Ct. Oct. 31, 1996).  In so concluding, the court reasoned that punitive damages are not generally recoverable for breach of contract, and that "the few classes of cases in which such damages have been allowed contain elements which bring them within the field of tort."  *Id*.

A-Quick Pick's attempt to distinguish *Bardon Tool* on the ground that its claim for recklessness "does not plead a reckless breach of contract" and instead "pleads a tort based on A-Quick Pick's financial losses that exists separately from any breach" is unavailing.  Doc. No. 184, at 10; Doc. No. 185, at 10.  In its proposed third-party complaint and cross claims, A-Quick Pick alleges that the failure of US Framing/Patriot to defend and indemnify A-Quick Pick in the instant action "was done with reckless indifference to the rights of A-Quick Pick to its loss and detriment and constituted willful and malicious conduct."  Doc. No. 180, at Count V; Doc. No. 181, at Count VI.  That allegation is nearly identical to the one asserted by the plaintiff in *Bardon*, who alleged that the defendant's breach of contract "was undertaken in reckless, willful or wanton disregard of the plaintiff's rights" and which the court construed as a claim for reckless breach of contract.  *Bardon Tool & Mfg. Co.*, 1996 WL 677254, at *2.  Accordingly, I conclude that the recklessness claim fails for futility and deny the motion with respect to that claim.

### III.    Conclusion

For the foregoing reasons, A-Quick Pick's motions for leave to amend its cross claims and third-party complaint (doc. nos. 180, 181) are **granted** in substantial part and **denied** in part.  The motions are denied with respect to the recklessness claim, and granted in all other respects.

To accommodate any additional necessary discovery, the discovery deadline is extended to two months from the filing of this ruling.  The dispositive motions deadline is extended to one month after the new discovery deadline.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of September 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge